DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Linda Barrows, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which adopted a magistrate's decision denying her motion to modify or terminate spousal support to appellee, Ronald Barrows. This Court reverses and remands.
 I. {¶ 2} Linda Barrows ("Wife") and Ronald Barrows ("Husband") were granted a divorce on March 15, 2001. As part of the divorce decree, the trial court ordered Wife to pay $500 in spousal support per month to Husband, and specifically retained jurisdiction over the matter of spousal support. On December 27, 2002, Wife moved to modify or terminate the spousal support obligation, based on a change in circumstances. Following an evidentiary hearing, the magistrate denied the motion to modify or terminate spousal support. Wife filed timely objections to the magistrate's decision. The trial judge issued a judgment entry, overruling Wife's objections and sustaining the decision of the magistrate. Wife has appealed to this Court, and has assigned two errors for review. Both assignments of error will be considered together.
 II. First Assignment of Error
"The trial court erred as a matter of law and abused its discretion in its findings that the cohabitation of appellee with beth ross is irrelevant and in the resulting order which overrules appellant's motion to modify and terminate her spousal support obligation."
 Second Assignment of Error
"The judgment of the trial court which overruled appellant's motion to modify and terminate her spousal support obligation is against the manifest weight of the evidence."
 {¶ 3} Wife first contends that Husband was cohabiting with Beth Ross, and that a finding of cohabitation, per se, warrants a modification or termination of her spousal support obligation. She also argues that the trial court erred in denying her motion to modify spousal support on the basis of the evidence presented. For the reasons which follow, this Court finds that the trial court abused its discretion in denying Wife's motion to modify spousal support.
 {¶ 4} This Court reviews a trial court's decision concerning modification of spousal support under an abuse of discretion standard. Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a spousal support award will not be disturbed on appeal. Schultz v. Schultz (1996), 110 Ohio App.3d 715, 721.
 {¶ 5} In asserting that a finding of cohabitation, per se, represents a change of circumstances that warrants termination of her spousal support, Wife has relied upon a number of cases which are inapposite because they were not decided on the basis of a change of circumstances pursuant to R.C. 3105.18(E). Instead, those cases were decided on the basis of the terms of the divorce decrees at issue. Those decrees included language that required termination of spousal support upon a finding of cohabitation. See, e.g., In re Dissolution of Marriage of Briggs (1998),129 Ohio App.3d 346, 348; Moell v. Moell (1994),98 Ohio App.3d 748, 749; Thomas v. Thomas (1991), 76 Ohio App.3d 482, 484;Keeley v. Keeley (Apr. 17, 2000), 12th Dist. Nos. CA99-07-075 and CA99-08-080; Link v. Link (Feb. 25, 2000), 11th Dist. No. 98-L-241; Geitz v. Geitz (May 20, 1999), 4th Dist. No. 98 CA 833; Synovetz v. Synovetz (Apr. 24, 1996), 9th Dist. No. 95CA006197. The decree in the present case differs, however, in that it does not include express language requiring termination of spousal support upon a finding of cohabitation.
 {¶ 6} As stated above, Wife in the present case has moved to modify or terminate spousal support because of a change in circumstances of the parties. Awards of spousal support may be modified where there is a change in circumstances of either party pursuant to R.C. 3105.18(E).
 {¶ 7} In determining whether a spousal support award should be modified pursuant to R.C. 3105.18(E), the trial court engages in a two-step analysis. First, jurisdiction is established where the language of the divorce decree permits modification of a spousal support obligation and the court determines that there has been a change in circumstances of either party. R.C.3105.18(E) and R.C. 3105.18(E)(1). Second, if the court finds a change in circumstances, it may then determine the appropriateness and reasonableness of the existing award. R.C.3105.18(C)(1). See, also, Moore v. Moore (1997),120 Ohio App.3d 488, 491, citing Leighner v. Leighner (1986),33 Ohio App.3d 214, 215.
 {¶ 8} "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The burden of showing that a reduction of spousal support is appropriate is on the party who seeks the reduction. Reveal v. Reveal, 154 Ohio App.3d 758,761, 2003-Ohio-5335, at ¶ 14, citing Haninger v. Haninger
(1982), 8 Ohio App. 3d 286.
 {¶ 9} Therefore, while a finding of cohabitation will result in an automatic termination of spousal support where the terms of the divorce decree so provide, cohabitation will constitute grounds for the modification of spousal support pursuant to R.C.3105.18(E) only where that fact impacts the cohabitating spouse's economic situation. Hall v. Hall (Mar. 15, 2001), 8th Dist. No. 77804. Consequently, our review is directed to the question of whether the financial circumstances of either of the parties have changed since the issuance of the original decree so as to constitute a change in circumstances pursuant to R.C. 3105.18(E).
 {¶ 10} The record in the present case indicates that the parties had been married for 26 years and were divorced in March 2001. Wife was employed for 21 years, and Husband was employed for eight years, until 1982, when he began having vision problems which have now left him largely unable to work. Husband does, however, engage in buying and selling automobiles for a small profit. He began receiving social security disability income in 1996. Wife inherited a home from her grandmother in 1987, with no mortgage.
 {¶ 11} Husband and Ross began living together in his apartment on or about May 1, 2003. Ross's seventeen-year old daughter also lives with them. Husband and Ross each pay for their own personal expenses, but divide joint living expenses, such as rent, utilities, and food equally between the two of them. Husband testified that, despite a recent move to a more expensive residence, his personal living expenses have decreased $100 to $150 per month. Husband's Social Security Disability payment has increased from $793 per month in 1996 to $822 per month. Husband's share of expenses for groceries and shelter currently amounts to $568 per month.
 {¶ 12} At the time of the divorce, Wife earned $15.10 per hour and currently earns $16.12 per hour, amounting to approximately $6000 more than at the time of the divorce. Wife stated that after payment of spousal support, her monthly expenses exceed her available income. Wife had taken a second job in order to meet her expenses, but stated that she had to quit because of health problems, and cannot afford her prescribed medications. She also stated that she refinanced her home twice, taking out a first and second mortgage.
 {¶ 13} On cross-examination, it was established that Wife's first mortgage consolidated preexisting debts at a lower payment rate than at the time of the divorce. In addition, out of Wife's monthly expenses, $4300 worth of credit card debt was created when she allowed her daughter to use her credit card.
 {¶ 14} In the context of the two-part test applicable to R.C.3105.18(E), the trial judge declined to find a change of circumstances such as would justify a modification or termination of spousal support. The trial court also found that, even if cohabitation between Husband and Ross constituted a change of circumstances sufficient to warrant a finding of a change of circumstances, the same amount of spousal support would still be reasonable and appropriate in this case. Consequently, the trial court sustained the decision of the magistrate denying Wife's motion to modify or terminate spousal support.
 {¶ 15} Upon review, it appears to this Court that, notwithstanding any question of whether Husband and Ross were "cohabitating," the financial circumstances of Husband have changed since the time of the original decree. At the time of the original decree, Husband was solely responsible for his rent, food, and utilities. At the time Wife filed her motion to modify spousal support, Husband was sharing those obligations equally with Ross. He was also apparently contributing to room and board for Ross's daughter. Consequently, the circumstances of Husband have changed — and in a significant way — since the time of the original decree. Furthermore, a modification of spousal support in this case would be reasonable and appropriate. Correspondingly, a failure to modify spousal support downward under these circumstances constitutes an abuse of discretion. Accordingly, Wife's two assignments of error are sustained.
 III. {¶ 16} Wife's two assignments of error are sustained. The decision of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for further proceedings.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, J., Whitmore, J., Concur.