DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Linda Barrows, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which adopted in part a magistrate's decision reducing but not terminating her spousal support obligation. This Court vacates the judgment of the trial court.
 I. {¶ 2} Appellant and Appellee, Ronald Barrows, were granted a divorce on March 15, 2001. As a result of the divorce decree, Appellant was obligated to pay $500 per month in spousal support to Appellee. On December 27, 2002, Appellant moved to modify or terminate the support obligation based upon a change in circumstances. Appellant claimed that a modification or termination was justified on the basis that Appellee was cohabitating with a woman, Beth Ross. The trial court denied her motion and Appellant appealed to this Court. On September 15, 2004, this Court found that termination of support was not warranted, but that Appellee's financial circumstances had changed in a significant way and that a modification of support would be reasonable and appropriate. Barrows v.Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶ 15.
 {¶ 3} While Appellant's first appeal was under consideration, she filed a second motion for modification of support. Appellant moved a second time for modification on the basis that her income had been drastically reduced when she lost her job and was forced to take a lower paying job. In addition, Appellant again alleged that Appellee's cohabitation with Ms. Ross warranted a reduction in support. The trial court agreed that Appellant's loss of income warranted a reduction in spousal support and her obligation was reduced from $500.00 per month to $300.00 per month. However, the trial court again found that Appellee's cohabitation did not amount to a change of circumstances sufficient to warrant an additional reduction in support. Appellant timely appealed this decision, raising two assignments of error. As these assignments are interrelated, they will be addressed together.
 II. ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law and abused its discretion in its decision that `defendant's (appellee's) cohabitation was not a sufficient change of circumstances to warrant a reduction or termination of the spousal support order' and `plaintiff (appellant) is not entitled to a modification or reduction of her spousal support obligation based upon defendant's (appellee's) cohabitation with beth ros.'"
 ASSIGNMENT OF ERROR II
"The trial court erred and abused its discretion in its order which modifies and reduces, but does not terminate, appellant's spousal support obligation."
 {¶ 4} In both her assignments of error, Appellant contends that the trial court abused its discretion when it failed to acknowledge a change of circumstances based upon Appellee's current living arrangement with Beth Ross and erred in failing to terminate her support obligation. This Court finds that the trial court lacked jurisdiction to rule on Appellant's motion.
 {¶ 5} We begin by noting that a "lower court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the final order, judgment or decree from which the appeal has been perfected." In re Kurtzhalz (1943), 141 Ohio St. 432, at paragraph two of the syllabus. In the instant case, the issue of cohabitation was placed before this Court on January 20, 2004, through the filing of a notice of appeal regarding the denial of Appellant's first motion to modify support. While Appellant filed her second motion to modify support before the filing of first notice of appeal, the trial court was divested of jurisdiction on January 20, 2004, with regard to the issue of cohabitation because that precise issue was then pending before this Court.
 {¶ 6} As such, the trial court lacked jurisdiction to make a determination as to whether Appellees' cohabitation warranted a modification in support. Therefore, the trial court lacked jurisdiction to rule on Appellant's motion to modify support. Accordingly, Appellant's assignments of error are dismissed as moot.
 III. {¶ 7} Appellant's assignments of error are dismissed as moot and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division is vacated and the cause remanded for proceedings consistent with this Court's opinion in Barrows v. Barrows, 9th Dist. No. 21904,2004-Ohio-4878.
Judgment vacated, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Whitmore, J. Concur.