OPINION
{¶ 1} Appellant, Robert J. Duvall, appeals the Belmont County Court of Common Pleas decision rendered July 6, 2004. This entry overruled Appellant's objections to the May 27, 2004, Magistrate's decision following Appellant's request for termination or modification of spousal support.
 {¶ 2} Appellant and Appellee, Peggy R. Duvall, were divorced on May 13, 1999. The parties had been married for more than thirty years. Appellant was originally ordered to pay Appellee monthly spousal support in the amount of $500 plus poundage for a period of 13 years. (Magistrate's Decision, pp. 1, 4.)
 {¶ 3} On September 25, 2003, Appellant filed a motion to terminate or modify spousal support claiming that his retirement was involuntary and that he could no longer satisfy the original spousal support order.
 {¶ 4} Following a hearing on Appellant's request, the magistrate denied Appellant's request to terminate spousal support. However, it ordered a modification in the spousal support award, reducing it from $500 per month to $425 per month for the remainder of the original support period.
 {¶ 5} Appellant subsequently filed his objections to the magistrate's decision on June 10, 2004. The trial court overruled his objections and adopted the magistrate's decision in its entirety. (July 6, 2004, Judgment Journal Entry; July 6, 2004, Docket Entry.) It is from this decision that Appellant filed his timely notice of appeal.
 {¶ 6} A trial court has broad discretion in determining whether to modify an existing spousal support award. Mottice v. Mottice (1997),118 Ohio App.3d 731, 735, 693 N.E.2d 1179; Schultz v. Schultz
(1996), 110 Ohio App.3d 715, 724, 675 N.E.2d 55. A spousal support award will not be disturbed on appeal unless the trial court abused its discretion. Id. at 724. An abuse of discretion is more than an error in judgment; it connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Further, an appellate court may not substitute its judgment for that of the trial court when applying the abuse of discretion standard. Berk v. Matthews (1990), 53 Ohio St.3d 161,169, 559 N.E.2d 1301.
 {¶ 7} R.C. § 3105.18 governs a trial court's authority to terminate or modify a spousal support order. In order for a trial court to modify the amount or terms of spousal support, it must conduct a two-step analysis.Barrows v. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, ¶ 7; Leighnerv. Leighner (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625.
 {¶ 8} First, the trial court must determine whether the divorce decree authorized the court to modify the spousal support. If so, then the court must assess whether the circumstances of either party have changed. R.C. § 3105.18(E); Barrows, and Leighner, supra. A change in circumstances necessary to modify spousal support must be substantial. Tremaine v.Tremaine (1996), 111 Ohio App.3d 703, 706, 676 N.E.2d 1249, appeal not allowed 77 Ohio St.3d 1480, 673 N.E.2d 142.
 {¶ 9} A change of circumstances, "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. § 3105.18(F).
 {¶ 10} Subsequently, once the trial court finds that there was a change of circumstances and that the court retained jurisdiction to modify spousal support, the court then determines the appropriateness and reasonableness of the existing award in light of the changed circumstances. R.C. § 3105.18(C)(1); Barrows, supra; Johnson v. Johnson
(Dec. 23, 1993), 10th Dist. No. 93AP-806, 3. In making this determination, the trial court must look to the relevant factors listed in R.C. § 3105.18(C). McClellan v. McClellan, 9th Dist. No. 21065, 2002-Ohio-6118, ¶ 9.
 {¶ 11} In the instant matter, the trial court had continuing jurisdiction to consider Appellant's modification request pursuant to the original divorce decree. (Magistrate's Decision, p. 1.)
 {¶ 12} In addition, the trial court presumably found a change in circumstances based on the evidence before it since its decision to reduce the monthly spousal support award necessitated a change in circumstances determination pursuant to R.C. § 3105.18(E). The trial court granted the modification request and reduced the monthly award from $500 to $425.
 {¶ 13} Appellant asserts three assignments of error on appeal that concern the second aspect of the trial court's analysis, i.e., the appropriateness and reasonableness of the spousal support award.
 {¶ 14} It should be noted that the record before this Court is incomplete. The record reflects that a hearing was held by the trial court relative to Appellant's motion for modification or termination of spousal support and that both of the parties testified at this hearing. (July 13, 2004, Judgment Journal Entry.) There is no copy of that complete hearing transcript before this Court.
 {¶ 15} However, Appellant's physician's deposition transcript was filed and is part of the trial court's record, and Appellee submitted a portion of the hearing transcript on appeal.
 {¶ 16} Where the record is incomplete, an appellate court will indulge in all reasonable presumptions consistent with the record in favor of the validity of the judgment under review and the legality of the proceedings below. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384. Thus, we review Appellant's assignments of error with this standard in mind.
 {¶ 17} Appellant's first assignment of error asserts:
 {¶ 18} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS COMPARISON OF HOUSEHOLD INCOME AS THE BASIS OF DETERMINING WHETHER SPOUSAL SUPPORT WAS REASONABLE AND APPROPRIATE, PURSUANT TO 3105.18 O.R.C., BY INCLUDING IN DEFENDANT/APPELLANT'S INCOME CHILD SUPPORT FOR APPELLANT'S CURRENT SPOUSE'S CHILDREN FROM A PRIOR MARRIAGE AND VOLUNTARY PAYMENTS OF SUPPORT FOR APPELLANT'S GRANDCHILD WHO RESIDED WITH APPELLANT."
 {¶ 19} The applicable statute, R.C. § 3105.18(C)(1), directs a court to consider numerous factors in assessing the appropriateness of a spousal support award:
 {¶ 20} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 21} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 22} "(b) The relative earning abilities of the parties; {¶ 23}
"(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 24} "(d) The retirement benefits of the parties;
 {¶ 25} "(e) The duration of the marriage;
 {¶ 26} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 27} "(g) The standard of living of the parties established during the marriage;
 {¶ 28} "(h) The relative extent of education of the parties;
 {¶ 29} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 30} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 31} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 32} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 33} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 34} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 35} Appellant claims that the trial court erred in including his current wife's child support payments and the voluntary support he receives from his daughter for raising his grandchild in the calculation of Appellant's total household income.
 {¶ 36} The magistrate's decision adopted by the trial court in its entirety reflects that the trial court appears to have included the money for the care of Appellant's grandson and his stepchildren's child support payments in calculating Appellant's annual income. (Magistrate's Decision, p. 2.)
 {¶ 37} In assessing Appellant's "household income," the magistrate included the following:
 {¶ 38} "[Appellant's] present income is a North America Coal Co. Pension of $50.54 a month, $2,500 a month from his 401(K) of which $500 a month is allotted to taxes, and $22,800 yearly salary from Lowe's Home Improvements where he works full-time for 48 hours a week. His new wife, Norma, does not work outside of the home, but gets $530 a month child support for her twelve (12) year old twins. He admits there is no reason for her not to work outside the home. His daughter sends them $300 a month for him to take care of his grandson. So his present yearly household income is:

"$50.54 x 12 = $606.48 (pension)
$2,500 x 12 = $30,000 (401(K))
$22,800 (salary)
$530 x 12 = $6,360 (child support)
$300 x 12 $3,600 (for care of grandson)
 ___________
 $63,366.48" (Magistrate's Decision, pp. 1-2.)
 {¶ 39} Thereafter, the magistrate specifically based his spousal support modification award on a comparison of the parties' incomes. (Magistrate's Decision, pp. 5-6.)
 {¶ 40} Following Appellant's objections to the magistrate's decision, the trial court implicitly approved the magistrate's decision to include these amounts in assessing Appellant's income. It concluded:
 {¶ 41} "Although household income, including the informal payment of support for a grandson ($3600), child support paid to [Appellant's] current wife ($6300), and early withdrawal on monies from [Appellant's] 401(K) Plan, would not ordinarily enter into the calculations of a spousal support obligation, such assets are certainly relevant to a determination of [Appellant's] overall financial ability to uphold his original spousal support obligation[.]" (July 6, 2004, Judgment Journal Entry, pp. 1-2.)
 {¶ 42} The trial judge essentially found these payments relevant under the R.C. § 3105.18(C)(1)(n) catchall factor, which authorizes a court to consider, "[a]ny other factor that the court expressly finds to be relevant and equitable."
 {¶ 43} In addition, the trial judge tried to rationalize the magistrate's likely error in including these payments in Appellant's income. The trial court judge essentially concluded that the magistrate did Appellant a favor by awarding any reduction in Appellant's spousal support obligation, since the evidence revealed that Appellant was voluntarily underemployed. (July 6, 2004, Judgment Journal Entry, p. 2.)
 {¶ 44} In support of his argument that his new spouse's child support payments should not be considered as a source of his income for a spousal support determination, Appellant directs this Court's attention toCarnahan v. Carnahan (1997), 118 Ohio App.3d 393, 692 N.E.2d 1086.Carnahan held that the R.C. § 3105.18(C)(1) requirement to look at the parties' incomes from all sources does not include a new spouse's income for determining spousal support. Id. at 401. The Eighth District Court of Appeals recently twice agreed with this holding. Tissue v. Tissue, 8th Dist. No. 83708, 2004-Ohio-5968, ¶ 22; Norris v. Norris, 8th Dist. No. 83547, 2004-Ohio-4072, ¶ 26.
 {¶ 45} Consequently, Appellant asserts that if a new spouse's income is not included as part of a party's income, then a new spouse's child support payments certainly should not be included in the party's income calculation.
 {¶ 46} Appellant also directs this Court's attention to the underlying policies for child support obligations. He argues that the child support rationale, i.e., to protect and provide for the best interests of the children, runs contrary to the trial court's decision to include said payments in a new spouse's income calculation for spousal support purposes.
 {¶ 47} Based on the underlying purposes of court ordered child support and the holding in Carnahan, supra, the magistrate in the instant matter likely erred in including these amounts in Appellant's household income. A party's spousal support income determined under R.C. § 3105.18(C)(1) should not include child support payments received by a new spouse.
 {¶ 48} However, the magistrate did not necessarily err in including the $300 voluntary monthly payments for the care of Appellant's grandson in Appellant's income calculation. These payments may be construed as income for Appellant's services in providing child care for his grandson. We are unable to fully assess this aspect of his assignment of error since the complete hearing transcript is not before us.
 {¶ 49} Certainly these amounts would be relevant to any argument made by Appellant that he was unable to provide spousal support because he had these other family/step-family obligations. Again, without a full transcript, we are unable to determine the reasons for the inclusion of these amounts and the extent to which these were considered by the court.
 {¶ 50} Notwithstanding the magistrate's possible error in including Appellant's new wife's child support payments in his household income, this assignment of error lacks merit. As the trial court explained, it is evident that the court was giving Appellant the benefit of every doubt in reducing his spousal support obligation at all. The trial court made it quite clear that it found that Appellant was voluntarily underemployed. In spite of this, it awarded a reduction in his spousal support obligation.
 {¶ 51} Again, and without the trial court's transcript before us, we cannot find an abuse of discretion. Appellant may have argued at the hearing that he had to support his new wife's children and his grandson. Since the record is incomplete, we must presume the validity of the trial court's decision and overrule Appellant's first assignment of error.
 {¶ 52} Appellant's second assignment of error asserts:
 {¶ 53} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS COMPARISON OF HOUSEHOLD INCOME AS THE DETERMINING BASIS FOR SPOUSAL SUPPORT BY INCLUDING IN APPELLANT'S INCOME WITHDRAWALS FROM HIS SHARE OF RETIREMENT ASSETS WHICH WERE AWARDED TO HIM AS PROPERTY SETTLEMENT IN THE ORIGINAL DIVORCE PROCEEDING WITHOUT ATTRIBUTING SIMILAR INCOME TO APPELLEE FROM THE SAME PROPERTY DIVISION."
 {¶ 54} The record before this Court reflects that the trial court included Appellant's 401(K) distributions in his income calculation in order to assess the reasonableness and appropriateness of spousal support. Appellant does not take issue with the trial court's inclusion of this amount as income. However, he asserts that the trial court erred in failing to include Appellee's retirement in her income calculation for spousal support evaluation.
 {¶ 55} This assignment of error concerns the application of the first R.C. § 3105.18(C)(1) factor in determining the appropriateness of a spousal support award. It provides: "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code[.]" (Emphasis added.)
 {¶ 56} R.C. § 3105.171 concerns the division of marital property, and it includes the parties' retirement benefits. R.C. § 3105.171(A)(3)(a). Thus, a court considering the parties' incomes for spousal support purposes must consider both parties' "income derived from" retirement benefits, including Appellant's 401(K) distributions.
 {¶ 57} However, as noted previously, Appellant has failed to provide this Court with a copy of the hearing transcript. When faced with an inadequate or incomplete record, an appellate court must presume the regularity of the trial court's actions and accept its judgment. Wozniakv. Wozniak (1993), 90 Ohio App.3d 400, 409, 629 N.E.2d 500; Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.
 {¶ 58} Although the parties' divorce decree reflects that Appellee was awarded both her retirement savings and part of Appellant's pension, nothing before this Court indicates that Appellee was deriving any income from these retirement accounts at the time of this spousal support modification hearing. (May 13, 1999, Judgment and Decree of Divorce, pp. 3, 5.) Thus, we must presume that there was no such evidence.
 {¶ 59} Based on the foregoing, Appellant's second assignment of error lacks merit and is overruled.
 {¶ 60} Appellant's third and final assignment of error asserts: {¶61} "THE TRIAL COURT ERRED IN DENYING APPELLANT SUBSTANTIAL RELIEF FROM THE SPOUSAL SUPPORT ORDER BASED UPON A SUBSTANTIAL CHANGE IN CIRCUMSTANCES BY IGNORING THE UNCONTROVERTED EXPERT MEDICAL OPINIONS OF APPELLANT'S PHYSICIAN."
 {¶ 62} Appellant claims that the trial court erred in not reducing his spousal support obligation to a greater extent. This is based on his argument that he was forced to retire from his prior employment for health reasons.
 {¶ 63} Appellant did present some evidence that he was suffering from stress and chronic joint pain. (Dr. Shroff Depo., p. 7.) However, Dr. Shroff testified that he was not originally aware that the stress and joint pain were a result of Appellant's employment. Appellant did not consult his doctor about these claims before Appellant took his "forced retirement." (Dr. Shroff Depo., pp. 7, 12.)
 {¶ 64} Further, Appellee asserts in her brief that Appellant admitted that he did not consult a physician before his employment ended. Again, Appellant's testimony at the hearing is not before this Court.
 {¶ 65} Notwithstanding, the trial court specifically concluded that the testimony of both Appellant and his medical doctor was "unconvincing." (July 6, 2004, Judgment Journal Entry.) The trial court clearly discounted Appellant's version of the facts and found that his "retirement" was self-induced. It concluded that Appellant was underemployed based on his, "voluntary act of misconduct and/or his failure to contest the allegation of such misconduct." (July 13, 2004, Judgment Journal Entry.)
 {¶ 66} The trial court's decision was based on and supported by evidence presented by Appellee. Appellee had Appellant's prior employer's personnel and employee relations manager, Paul Piccolini, testify at the hearing. This testimony is properly before this Court. Piccolini testified that Appellant was allowed to resign in spite of his on-the-job misconduct. Appellant admitted his misconduct to Piccolini. Thereafter, Appellant agreed to repay a certain sum of money for restitution. Piccolini also stated that but for Appellant's misconduct, he would still be employed in his prior position. (May 11, 2004, Tr. pp. 3, 7, 19.)
 {¶ 67} Based on the conflicting evidence before the trial court, this Court cannot find that the trial court abused its discretion in not further reducing Appellant's spousal support obligation. Thus, this assignment of error lacks merit and is overruled.
 {¶ 68} In conclusion, Appellant's assignments of error lack merit, and the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.