DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Kevin Reynolds, has appealed from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied his motion to modify child and spousal support. This Court affirms.
 I. {¶ 2} Appellant and appellee, Barbara Reynolds, were married on May 23, 1987 and had three children together. On August 11, 2003, appellee filed a complaint for divorce and appellant counterclaimed for divorce thereafter. On
March 14, 2005, the trial court granted the parties a divorce. Pursuant to the *Page 2 
parties' separation agreement, appellant agreed to pay child support and spousal support.
 {¶ 3} On November 14, 2005, appellant moved to modify his support obligations. Appellant asserted that he was no longer gainfully employed and that his medical condition had worsened. Appellee responded in opposition to the motion. A magistrate held a hearing on the motion on March 7, 2006. Following the hearing, the magistrate recommended that both of appellant's support obligations be reduced. On April 10, 2006, appellee timely objected to the magistrate's decision. Appellant did not respond to Appellee's objections. On July 24, 2006, the trial court sustained appellee's objections to the magistrate's decision and denied appellant's motion to modify his support obligations. Appellant has timely appealed from the trial court's judgment, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN ISSUING A DECISION PRIOR TO THE APPELLANT RESPNDING (sic) TO THE OBJECTIONS OF THE APPELLEE, THUS DENYING TO THE APPELLANT `FUNDAMENTAL FAIRNESS' AND DUE PROCESS."
 {¶ 4} In his first assignment of error, appellant has alleged that his due process rights were violated. Specifically, appellant has argued that he was not given the opportunity to respond to appellee's objections to the magistrate's decision. This Court disagrees. *Page 3 
 {¶ 5} "The essence of due process is the requirement that `a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.'" Mathews v. Eldridge (1976), 424 U.S. 319, 348, quoting Joint Anti-Fascist Refugee Commt. v. McGrath (1951),341 U.S. 123, 171-172, (Frankfurter, J., concurring). A review of the facts herein evidences that appellant was afforded an opportunity to meet the case against him.
 {¶ 6} On April 10, 2006, appellee filed objections to the magistrate's decision and asked that a transcript be prepared so that her objections could be supplemented. Appellant does not dispute that he received the objections. Summit County Domestic Relations Local Rule 12.03(A) provides as follows:
 "Objections to a Magistrates Decision shall be filed and served upon the opposing party within fourteen (14) days after the date the Decision is filed. The opposing party may file an objection or response within ten (10) days after the first objection is filed. A copy of the objections or response shall be hand-delivered to the Court." (Emphasis added.)
By its plain language, the above rule provided appellant the opportunity to respond to appellee's objections, thereby satisfying any due process requirements.
 {¶ 7} Despite this language, appellant has argued that "the practice" in the lower court is "quite simply, that once the supplemental objections are filed * * * the non-objecting party files a responsive brief thereto." Regardless of the manner in which objections are typically responded to in the trial court, the local rules provide for a mechanism to respond. The fact that appellee sought additional time to file a supplement to her objections in no manner precluded appellant from filing *Page 4 
responses to the objections. Furthermore, appellant is provided an additional ten days to respond to any supplemental brief through Loc.R. 12.03(D)(1). Moreover, appellant was free to file leave to file objections or responses to appellee's objections at any time during the nearly three months that elapsed between the filing of the objections and the trial court's ruling.
 {¶ 8} Accordingly, appellant has demonstrated no deprivation of procedural due process rights. He was given an opportunity through the local rules to respond to appellee's objections and made the tactical decision not to respond to the objections. As such, appellant has shown no violation of his rights. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN HOLDING THAT MODIFICATION OF SPOUSAL SUPPORT AND CHILD SUPPORT WAS NOT WARRANTED WHERE, AS HERE, APPELLANT SUFFERED A CHANGE OF CIRCUMSTANCES SUFFICIENT TO JUSTIFY SUCH MODIFICATION."
 {¶ 9} In his second assignment of error, appellant has argued that the trial court erred in denying his motion to modify. Specifically, appellant has asserted that he demonstrated a change of circumstances which justified modifying his support obligations. This Court disagrees.
 {¶ 10} We begin by noting that "a trial court has broad discretion in determining a * * * support award, including whether or not to modify an existing award." Kingsolver v. Kingsolver, 9th Dist. No. 21773,2004-Ohio-3844, at ¶ 10, *Page 5 
citing Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735. This Court reviews a trial court's decision regarding support obligations for an abuse of discretion. Pauly v. Pauly, (1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144; Barrows v.Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶ 4. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "Absent an abuse of discretion, a spousal support award will not be disturbed on appeal." Barrows at ¶ 4. Finally, "when applying [the abuse of discretion] standard, an appellate court is not free to substitute its judgment for that of the trial judge." Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 11} It is well established that before a trial court may modify the amount or terms of spousal support or child support, it must conduct a two-step analysis. Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215;Massey v. Massey (Jan. 17, 2001), 9th Dist. No. 3075-M. First, the court must determine whether the original divorce decree specifically authorized the trial court to modify the spousal support, and if so, whether either party's circumstances have changed. Kingsolver at ¶ 11, citing Leighner, 33 Ohio App.3d at 215; see R.C. 3105.18(E). Second, the trial court must evaluate the appropriateness and reasonableness of the award. Barrows at ¶ 7, citing R.C. 3105.18(C)(1).
 {¶ 12} In their separation agreement, the parties provided as follows: *Page 6 
 "The [trial court] shall specifically retain jurisdiction to modify the amount of spousal support based upon a change of circumstances of either party which shall include, but not be limited to, any increase or involuntary decrease in the parties' wages, salary, bonuses, living expenses or medical expenses."
In the trial court, appellant argued that he was involuntarily terminated from his job and that his medical condition had worsened since the decree. Appellant alleged that this change in circumstances warranted a modification of his support obligations. Upon review, we find no abuse of discretion in the trial court's denial of the motion to modify.
 {¶ 13} During the hearing below, the magistrate heard evidence that appellant suffers from a seizure disorder caused by an arteriovenous malformation. As a result, appellant had incurred significant medical expenses. Appellant also asserted that the restrictions placed upon him by his doctor affected his ability to work. Specifically, in August of 2005, appellant's discharge instructions precluded him from driving and from bathing alone. Appellant claims that he was terminated from his employment as a result of his medical restrictions. In support of his argument, appellant represented that he was currently receiving unemployment based upon a finding that he had been terminated.
 {¶ 14} Appellee presented evidence that appellant's medical condition had not worsened. Specifically, appellee noted that appellant has suffered from his ailment for more than twenty years. Appellee also demonstrated that appellant received similar discharge instructions in 2003. Despite these limitations, *Page 7 
appellant earned $100,000 in 2003 and $92,000 in 2004. Prior to that, while still suffering from his disorder, appellant earned $107,000 in 2002, $110,000 in 2001, and $104,000 in 2000. While appellant asserted that he would be undergoing multiple surgeries in the near future, he did not demonstrate that his condition had worsened, i.e., he did not demonstrate that his future medical expenses are not the routine expenses related to the treatment of his disorder or that the future expenses are a different amount than those he has previously incurred. Simply stated, appellant presented no evidence that the future cost of his medical treatment is different from the past cost of his medical treatment which included multiple stays in the hospital.
 {¶ 15} Furthermore, while appellant asserted that he was fired, appellee introduced evidence that he had been negotiating a buy out of his stock for several months prior to separating from his employer. Specifically, appellee introduced a letter dated July 30, 2005, which indicated that appellant had hired a company to help him "transition into a new position or career." Furthermore, the email relied upon by appellant to support his assertion that he was terminated discusses a meeting to finalize his "buy out." Appellee also introduced a letter from appellant's employer which stated that appellant voluntarily left his employment and was not terminated. Appellant countered that this letter was self-serving and not accepted as true by the unemployment board. Appellee also introduced *Page 8 
evidence that despite his claim that his disorder prevented him from working, appellant was actively seeking employment.
 {¶ 16} Although unemployment may constitute a change of circumstances, voluntary unemployment generally does not signify a change in circumstances sufficient to justify such a modification. See Boltz v.Boltz (1986), 31 Ohio App.3d 214, 216; Haynie v. Haynie (1984),19 Ohio App.3d 288; Smith v. Smith (1983), 12 Ohio Misc.2d 22. Assuming arguendo that appellant herein established a change of circumstances due to his unemployment, this Court finds no abuse of discretion by the trial court in finding that a modification was not appropriate or reasonable.
 {¶ 17} As noted above, the trial court heard no evidence that appellant's medical expenses had changed since the parties' separation agreement. While appellant admitted he had suffered from the disorder for more than twenty years, he sought a modification of his support based upon that condition a mere eight months after the initial award of support. In fact, in support of his case that his medical condition was costly, appellant relied upon some hospital visits and expenses that occurred prior to his agreement to pay support.
 {¶ 18} Furthermore, while appellant alleged that he was terminated from his employment, the trial court heard evidence that he had been negotiating a buy out for several months prior to voluntarily leaving his employment. To the extent that appellant argued that he could no longer work because of his medical condition, *Page 9 
his assertions were undermined by his own large salaries earned while suffering from the same disorder and his own conduct in actively seeking employment.
 {¶ 19} Accordingly, the trial court had before it competent, credible evidence that a modification of appellant's support obligations was not reasonable or appropriate. As such, we cannot say that the trial court was unreasonable or arbitrary when it denied appellant's motion to modify. Appellant's second assignment of error is overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 10 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
DONNA J. CARR FOR THE COURT
 SLABY, P. J. MOORE, J. CONCUR *Page 1