[Cite as *Panhorst v. Panhorst*, 2019-Ohio-126.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| TERESA J. PANHORST | | C.A. No.     28959 |
| | | |
| Appellant | | |
| | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| | | COURT OF COMMON PLEAS |
| GREGORY A. PANHORST | | COUNTY OF SUMMIT, OHIO |
| | | CASE No.     DR-2017-10-3253 |
| Appellee | | |

DECISION AND JOURNAL ENTRY

Dated: January 16, 2019

---

SCHAFER, Judge.

{¶1}    Plaintiff-Appellant, Teresa Panhorst, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, modifying spousal support.  We affirm.

I.

{¶2}    Ms. Panhorst and Defendant-Appellee, Gregory Panhorst, were divorced in January 2010 after nearly thirty years of marriage.  Pursuant to the divorce decree, Mr. Panhorst was required to pay spousal support to Ms. Panhorst.  Mr. Panhorst filed a motion to modify or terminate spousal support in February 2017.  Relevant to the current appeal, a magistrate determined following a hearing that a substantial change in circumstances had occurred and that spousal support should be lowered from $1,000.00 per month to $600.00 per month.  Mr. Panhorst subsequently filed objections to the magistrate's decision objecting, in part, to the magistrate's determinations regarding spousal support.  Upon review, the domestic relations court rejected the magistrate's decision regarding the appropriate amount of spousal support and

determined that the amount of spousal support would be reduced to $1.00 per month in order to retain jurisdiction to modify the amount and duration of support in conformity with R.C. 3105.18(D) and (E).

**{¶3}** Ms. Panhorst filed this timely appeal, raising two assignments of error for our review.

II.

**Assignment of Error I**

**The [t]rial [c]ourt's decision to modify spousal support was not proper because it was not supported by the evidence. Assertions made about the Appellant's property ownership and/or investment assets do not constitute a significant change in circumstances and said assets were disclosed at the time of divorce. Therefore, the [t]rial [c]ourt's modification of spousal support on that basis constitutes an abuse of discretion.**

**{¶4}** In her first assignment of error, Ms. Panhorst contends that the trial court abused its discretion when it modified spousal support in this case.

**{¶5}** We review a trial court's decision regarding spousal support for an abuse of discretion. *Barney v. Barney*, 9th Dist. Summit No. 26855, 2013-Ohio-5407, ¶ 11, quoting *Tufts v. Tufts*, 9th Dist. Summit No. 24871, 2010-Ohio-641, ¶ 7. An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶6}** R.C. 3105.18 governs the modification of spousal support awards. "In determining whether a spousal support award should be modified pursuant to R.C. 3105.18(E), the trial court engages in a two-step analysis." *Barrows v. Barrows*, 9th Dist. Summit No. 21904, 2004-Ohio-4878, ¶ 7. "First, jurisdiction is established where the language of the divorce

decree permits modification of a spousal support obligation and the court determines that there has been a change in circumstances of either party." *Id.*, citing R.C. 3105.18(E)(1). "Second, if the court finds a change in circumstances, it may then determine the appropriateness and reasonableness of the existing award." *Id.*, citing R.C. 3105.18(C)(1).

{¶7} Following a hearing, the magistrate determined that rental income Ms. Panhorst was receiving was an increase in her income amounting to a change in circumstances warranting modification of spousal support. Consequently, the magistrate granted Mr. Panhorst's motion to modify spousal support and decreased spousal support from $1,000.00 per month to $600.00 per month. Relevant to the present appeal, Mr. Panhorst filed objections to the magistrate's decision alleging, inter alia, that the magistrate (1) failed to consider the statutory factors of spousal support; and (2) failed to consider "the dilatory actions" of Ms. Panhorst in concealing her income. Ms. Panhorst did not file any objections to the magistrate's decision.

{¶8} After reviewing the magistrate's decision, Mr. Panhorst's objections, the pleadings, exhibits, and transcripts of the hearing, the domestic relations court sustained Mr. Panhorst's objections and went on to consider the appropriate amount of spousal support in this case. Regarding the first step in the spousal support analysis, the domestic relations court stated that the parties in this case agreed that the court retained jurisdiction to modify support, however, the court did not specifically address the magistrate's determination that a change in circumstances occurred that warranted modification. Nonetheless, the court's order did explicitly state that any "provisions of the [m]agistrate's [d]ecision that are not referenced herein and that are uncontroverted are **HEREBY AFFIRMED**." Therefore, we conclude that since neither Ms. Panhorst nor Mr. Panhorst objected to the magistrate's determination that the rental income Ms. Panhorst was receiving was an increase in her income amounting to a change in

circumstances warranting a modification of spousal support, the domestic relations court necessarily adopted that determination.

{¶9}    Ms. Panhorst's argument in her first assignment of error is unclear.  Although the modification of spousal support requires a two-step analysis, Ms. Panhorst appears to conflate those steps by arguing that the factors the court looked to in determining the appropriateness and reasonableness of the modified spousal support award (step two) were not sufficient to allow the court to determine that there had been a change in circumstances (step one).  However, Ms. Panhorst also seems to separately argue that the court's finding that a change in circumstances occurred based on Ms. Panhorst's rental income and investment accounts was an abuse of discretion and that the domestic relations court improperly considered information that was not presented to the court when it further modified the spousal support amount recommended by the magistrate.

{¶10}  To the extent Ms. Panhorst argues that the domestic relations court abused its discretion when it found a substantial change in circumstances, we conclude that Ms. Panhorst has forfeited this issue for review.  A review of the record shows that Ms. Panhorst did not object the magistrate's determination that a substantial change in circumstances occurred.  Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding of fact or conclusion as required by Civ.R. 53(D)(3)(b)."  Accordingly, "[t]his Court has previously determined that an appellant forfeits appellate review of any issues not stated in [an objection] to the magistrate's decision." *Trombley v. Trombley*, 9th Dist. Medina No. 17CA0012-M, 2018-Ohio-1880, ¶ 10, citing *Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6 ("This Court has held that when a party fails to

properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal.") and *John Soliday Fin. Group, L.L.C. v. Robart*, 9th Dist. Summit No. 24407, 2009-Ohio-2459, ¶ 15 ("Because [appellant] did not specifically object to the findings in the magistrate's decision set forth in the * * * assignments of error, those claims have been forfeited and may not be raised on appeal."). "While a [party] who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain error analysis if the [party] fails to do so." (Alterations sic.) *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 24. As Ms. Panhorst did not object to the magistrate's finding that a substantial change in circumstances occurred in this matter, she has failed to preserve the issue for appellate review and we decline to address it. *See Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 18.

**{¶11}** Ms. Panhorst appears to next argue that the trial court abused its discretion when it modified spousal support to a lower amount than that recommended by the magistrate on "the mere inference of undisclosed or unclear assets" of Ms. Panhorst "combined with any circumstantial change on the part of [Mr. Panhorst]." Ms. Panhorst further argues that the domestic relations court did not "properly weigh" the factors outlined in R.C. 3105.18(C)(1)(a)-(n) and instead "engaged in an improper, quasi-punitive action in modifying support[.]"

**{¶12}** A trial court must consider the factors set forth in R.C. 3105.18(C)(1)(a)-(n) "[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support." R.C. 3105.18(C)(1). Those factors include:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1)(a)-(n). While evaluating the evidence relative to the above factors, the trial court weighs the need for support against the ability to pay. *Broida v. Broida*, 9th Dist. Summit No. 19968, 2001 WL 57174, *3 (Jan. 24, 2001), citing *Layne v. Layne*, 83 Ohio App.3d 559,

562-563 (2d Dist.1992). "A trial court is not required to enumerate each factor in R.C. 3105.18(C)(1), but must only provide a sufficient basis supporting its award." *Id.* at 4.

{¶13} After determining it had jurisdiction to modify spousal support in this matter, the domestic relations court's order went on to consider Mr. Panhorst's objections relating to the second step of the analysis. *See Barrows*, 2004-Ohio-4878 at ¶ 7. In doing so, the domestic relations court sustained Mr. Panhorst's first objection, concluding that the magistrate had failed to specify or provide a worksheet detailing the factors she considered when she lowered spousal support. The court found this failure significant since "[t]here was some question regarding assets in an investment account and ownership of property" and Ms. Panhorst's affidavit of income and expenses "appeared to be missing some information." As to his second objection, the court determined that although it appeared from testimony and exhibits that Ms. Panhorst's affidavit of income and expenses did not include all of her financial information and that she was not forthcoming through the discovery process, Mr. Panhorst never filed a motion to compel discovery and it was not the role of the court to suggest what motions a party should file.

{¶14} The trial court then went on to consider the statutory factors to be considered in making an award. In addition to listing all of the R.C. 3105.18(C)(1) factors, the domestic relations court focused on one particular factor, the relative assets and liabilities of the parties, in determining what amount of spousal support was appropriate and reasonable in this case. In considering those assets and liabilities, the court noted that Ms. Panhorst had failed to disclose assets to Mr. Panhorst, such as $600,000.00 she testified to having in an investment account. However, the court further stated that Ms. Panhorst owns two homes and has no mortgage or rent payments while Mr. Panhorst testified that he had a mortgage to pay. Additionally, the court

stated that Ms. Panhorst's monthly expenses of $2,334.00 were significantly lower than Mr. Panhorst's monthly expenses of $5,680.00.

**{¶15}** Upon review, we conclude that the domestic relations court properly weighed Ms. Panhorst's need for support against Mr. Panhorst's ability to pay and provided sufficient support for its award. *See Broida*, 2001 WL 57174 at 4. Therefore, we cannot conclude that the domestic relations court abused its discretion when it determined the appropriate amount of spousal support in this matter.

**{¶16}** Ms. Panhorst's first assignment of error is overruled.

## Assignment of Error II

**The [t]rial [c]ourt's decision to modify spousal support was not proper because it was not supported by the evidence. The [t]rial [c]ourt incorrectly overturned the [m]agistrate's decision on the basis that she failed to specify the factors upon which modification was based and therefore engaged in an abuse of discretion.**

**{¶17}** In her second assignment of error, Ms. Panhorst contends that the domestic relations court "abused its discretion when it overturned the decision of the magistrate on the basis that statutory factors for modification were not set forth in the [magistrate]'s initial decision."

**{¶18}** "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b). Additionally, Civ.R. 53(D)(4)(d) provides, in pertinent part, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "As this Court has explained:

> The independent review that is required of the trial court has two components: (1) whether, with respect to the objected matters, the magistrate properly determined the factual issues before it, and (2) whether the magistrate appropriately applied the law to those factual determinations. Even if the evidence from the proceedings before a magistrate is not before the trial court or is not contested, the trial court must conduct an independent review of the magistrate's application of the law to the facts to the extent that it is the subject of the objections. In that situation, a trial court accepts the magistrate's findings of fact, but has the authority to determine whether the magistrate's findings of fact are sufficient to support the conclusions of law made, and to reach a different legal conclusion as long as that conclusion is supported by the magistrate's findings of fact. Civ.R. 53 contemplates that a trial court may, within its discretion, conduct a review that exceeds that specifically required."

(Internal citations and quotations omitted.) *Brown v. Allala*, 9th Dist. Summit No. 27086, 2014-Ohio-4917, ¶ 28, citing *Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 14.

{¶19} Mr. Panhorst's first objection to the magistrate's decision was that the magistrate failed to consider the statutory factors of spousal support. As outlined above a trial court must consider the factors set forth in R.C. 3105.18(C)(1)(a)-(n) "in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support." R.C. 3105.18(C)(1). Although "[a] trial court is not required to enumerate each factor in R.C. 3105.18(C)(1), [it must] provide a sufficient basis supporting its award." *Broida*, 2001 WL 57174 at 4.

{¶20} After reviewing the magistrate's decision, the domestic relations court determined that the magistrate had failed to specify the factors she considered in making her determination and sustained the objection. Indeed, a review of the magistrate's order shows that although the magistrate supported her determination that a change in circumstances had occurred to warrant a modification in support, the magistrate provided no basis supporting her recommendation as to the appropriate amount of support.

{¶21} The domestic relations court is required to undertake an independent review of the objected matters in order to ascertain that the magistrate has properly determined the factual issues and properly applied the law. Civ.R. 53(D)(4)(d). As the magistrate provided no support for her recommended amount of support, it was impossible for the court to make such a determination. Rather, in the absence of a stated basis for the magistrate's recommendation about support, the trial court modified the decision and considered the evidence of record to reach an independent conclusion based on the R.C. 3105.48 factors. This Court has already concluded that the substance of the domestic relations court's decision was not an abuse of discretion. Likewise, the trial court did not err in modifying the magistrate's decision when it conducted an independent review since Civ.R. 53(D)(4)(d) expressly requires the court to do so. *See Brown*, 2014-Ohio-4917 at ¶ 29. Therefore, we conclude it was not an abuse of discretion for the domestic relations court to sustain Mr. Panhorst's first objection on the basis that the magistrate failed to state any factors she considered in making her recommendation as to the appropriate amount of spousal support.

{¶22} Ms. Panhorst's second assignment of error is overruled.

III.

{¶23} Ms. Panhorst's assignments of error are overruled. Therefore, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

STEVEN S. FANNIN, Attorney at Law, for Appellant.

PAUL B. HERVEY, Attorney at Law, for Appellee.