DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Poitinger, has appealed from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which ordered him to pay interest on past due child and spousal support, found him in contempt of court, and denied his motions to modify child and spousal support. We affirm.
 I. {¶ 2} Appellant and Appellee were married on May 23, 1985. Three children were born of the marriage. Appellant filed a complaint for divorce on April 21, 1998. On August 25, 1998, a magistrate issued a temporary order designating Appellant as the temporary residential parent and ordering Appellant to pay $3,000 per month in temporary spousal support effective September 1, 1998. Upon Appellee's motion, the trial court set aside the temporary order and remanded the matter for rehearing.
 {¶ 3} On March 1, 1999, following the rehearing, the magistrate issued a new temporary order, requiring Appellant to pay temporary spousal support in the amount of $4,500 per month effective February 1, 1999, and providing that the amount of temporary support effective from September 1, 1998 until January 31, 1999 would be determined at trial.
 {¶ 4} The matter proceeded to trial on March 29, 2000. The trial court issued a decree of divorce on October 30, 2001, imposing the following obligations upon the parties. Appellant was ordered to pay spousal support in the amount of $2,483 per month for forty consecutive months, beginning on April 1, 2000. Appellant was also ordered to pay child support in the amount of $529.34 per month per child and to maintain health insurance coverage for the three children for the duration of his support obligation. The parties were ordered to divide equally the children's out of pocket health care expenses. Lastly, the trial court set Appellant's temporary support obligation for the period between September 1, 1998 through January 31, 1999 at $4,500 per month. The court provided that the temporary orders would not merge into the final decree, so that any arrearage that had arisen under the temporary orders could be heard and determined by a magistrate.
 {¶ 5} Just prior to issuance of the decree, Appellee filed a motion for contempt and for judgment for arrearages on spousal and child support payments, and Appellant filed a motion to modify spousal support. After the decree was issued, Appellant filed a motion to modify child support; an amended motion to modify spousal support; and a motion regarding payment of the children's expenses. Following hearings on the motions, the magistrate issued a decision on the motions, which the trial court adopted. The court granted Appellee a judgment against Appellant in the amount of $52,950.86 for past due child and spousal support for the period of September 1998 through April 2002. Additionally, the court granted Appellee a judgment against Appellant in the amount of $1,484.22 for interest on the past due support for the period from September 1998 through October 2001. The court found Appellant in contempt of court for his failure to pay support as previously ordered, sentenced him to fifteen days in the Summit County Jail, and ordered him to pay Appellee attorney fees and court costs in the amount of $1,450. The court afforded Appellant an opportunity to purge himself of the contempt and scheduled a hearing to permit Appellant to establish that the contempt had been purged.[1] Lastly, the court denied Appellant's motions to modify his spousal and child support obligations.
 {¶ 6} Appellant timely objected to the magistrate's decision. The trial court overruled his objections. Appellant timely appealed, raising six assignments of error for our review, which we have rearranged for ease of analysis.
 II. {¶ 7} As an initial matter, we note that our analysis of each of Appellant's six assignments of error is governed by the abuse of discretion standard of review. Assignments of error one, four, five, and six each relate to the trial court's decisions regarding Appellant's child and spousal support obligations. The trial court is vested with broad discretion over these matters, and an appellate court will not disturb a trial court's decision regarding child and spousal support obligations absent an abuse of that discretion. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 142,144; Schumacher v. Schumacher, 9th Dist. No. 22050, 2004-Ohio-6745, at ¶ 9. Lastly, assignments of error two and three both relate to the contempt charge against Appellant. An appellate court will not overturn a lower court's ruling on a contempt motion absent an abuse of discretion.State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11.
 {¶ 8} An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 Assignment of Error No. 1
"The trial court erred in granting interest on a judgment for support arrearages which accrued at a time prior to the trial court's final determination of [appellant's] obligations or at least as to arrearages which accrued after the trial date (November 9, 2000) and prior to the trial court's issuance of a final decree * * * (October 30, 2001)."
 {¶ 9} In his first assignment of error, Appellant maintains that the trial court erred by granting Appellee a judgment in the amount of $1,484.22 for interest on the past due spousal and child support for the period from September 1998 through October 2001. Specifically, Appellant argues that he was charged with interest on certain past due amounts which were generated by the retroactive effect of the divorce decree, and that interest could not accrue on the remaining past due amounts until they were reduced to a lump sum judgment. We disagree.
 {¶ 10} The divorce decree retroactively increased Appellant's temporary support obligation for the period from September 1998 through January 31, 1999. As Appellant points out, by ordering this increase, the decree effectively generated arrearages. The trial court, however, excluded those particular arrearages from the total amount on which it assessed interest. Therefore, Appellant's argument that he was unfairly charged interest as a consequence of the retroactive effect of the divorce decree is without merit.
 {¶ 11} The past due amount on which the trial court did assess interest flowed from an order issued on March 1, 1999. On that date, R.C. 3113.219 was in effect, and governed the assessment of interest on child and spousal support arrearages. See Mattoni v. Mattoni (1997),118 Ohio App.3d 782, 785-786.[2]
 {¶ 12} R.C. 3113.219(A) provides, in pertinent part:
"If the court determines the obligor has failed at any time to comply with a support order, the court shall issue a new order requiring the obligor to pay support. If the court determines that the failure to pay was willful, the court shall assess interest on the amount of support the obligor failed to pay from the date the court specifies as the original date the obligor failed to comply with the order requiring the payment of support to the date the court issues the new order requiring the payment of support[.]"
 {¶ 13} The trial court's award of interest on Appellant's support arrearages was authorized by and in compliance with the requirements of R.C. 3113.219. After determining that Appellant willfully failed to comply with support orders, the trial court assessed interest on the arrearages which accrued from the initial date of his noncompliance through the date of the order requiring him to pay those arrearages. Appellant's first assignment of error is overruled.
 Assignment of Error No. 4
"The trial court erred in denying [appellant's] motions to modify spousal support and child support."
 Assignment of Error No. 5
"The trial court erred in determining the income for [appellant] and [appellee] that it used in calculating child support."
 {¶ 14} In his fourth and fifth assignments of error, Appellant argues that the trial court erred by denying his motions to modify child and spousal support. We disagree.
A. Spousal Support
 {¶ 15} In order to modify an existing spousal support award, a trial court must conduct the two-part analysis provided by R.C. 3105.18.Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215. The first step is jurisdictional. R.C. 3105.18(E). In that step, the trial court must make two determinations: (a) whether the divorce decree specifically authorizes the court to modify spousal support, and (b) whether the circumstances of either party have changed. R.C. 3105.18(E); Leighner,33 Ohio App.3d at 215. R.C. 3105.18(E) does not require a "substantial" or "drastic" change of circumstances, but only a change that "[has] an effect on the economic status of either party." Kingsolver v.Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844 at ¶¶ 21 to 23.
 {¶ 16} If the trial court concludes that it does have jurisdiction to modify the spousal support award, it must then determine "whether or not the existing order should be modified." (Emphasis omitted.) Leighner,33 Ohio App.3d at 215. This inquiry requires the court to reevaluate the existing order in light of the changed circumstances. Id. The court looks to the factors provided by R.C. 3105.18(C) in order to conduct this reevaluation. Id.
 {¶ 17} In the instant case, the trial court determined that it had jurisdiction to modify the spousal support award. It concluded that a modification was not warranted. Appellant argues that this conclusion amounts to an abuse of discretion on the following grounds: the trial court incorrectly calculated his income, which had declined; Appellee was living with her paramour; and Appellee was voluntarily unemployed. We address each of these arguments in turn.
1. Calculation of income
 {¶ 18} Appellant maintains that the trial court should have excluded $32,171 from his 2000 gross income, because, while this sum was included as income on his 2000 tax return, he contends that it represents a K-1 shareholder's share of income which he did not actually receive. While Appellant introduced tax records in support of his claim, Appellant has cited no authority in support of his argument, and R.C. 3105.18 is silent as to whether "phantom income" should be included in a party's gross income for the purpose of calculating spousal support. Moreover, claims such as Appellant's require courts to make sure that the support obligor is not merely attempting to manipulate his income and wrongfully shelter a portion of it from his support obligations. See Riepenhoff v.Riepenhoff (1990), 64 Ohio App.3d 135, 139. The trial court was in a better position than this Court to make the credibility assessments essential to such a determination. Therefore, Appellant has not persuaded us that the trial court abused its discretion by including the $32,171 in his gross income for the year 2000.
2. Cohabitation
 {¶ 19} The divorce decree does not list cohabitation as a ground for termination of spousal support. Therefore, cohabitation may be properly used as a ground for modification of Appellant's spousal support obligation only if Appellee's economic situation has changed as a result of cohabitation. Barrows v. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶ 9.
 {¶ 20} At the hearings on the post-decree motions, Appellant and Appellee presented testimony regarding the nature of the relationship between Appellee and Dan Tolerton, to whom Appellee is now married. In its decision, the trial court examined that testimony and concluded that it was not sufficient to demonstrate that Mr. Tolerton was supporting Appellee, or that Appellee was using spousal support received from Appellant to support Mr. Tolerton. We have reviewed the transcripts of the hearings, and conclude that the trial court's factual findings regarding the relationship between Appellee and Mr. Tolerton are supported by competent, credible evidence. Therefore, we will not disturb those findings on appeal. Jaroch v. Madalin, 9th Dist. No. 21681, 2004-Ohio-1982, at ¶ 8. In light of those findings, the trial court did not abuse its discretion by declining to modify Appellant's spousal support obligation on the basis of Appellee's cohabitation.
3. Voluntary unemployment
 {¶ 21} Appellant argues that the trial court should have imputed income to Appellee. Specifically, Appellant argues that Appellee failed to complete her college degree and was voluntarily unemployed. R.C. 3105.18
sets forth the statutory factors that the trial court must consider when making an award of spousal support. Included among those factors are the income of the parties and the relative earning abilities of the parties. R.C. 3105.18(C)(1)(a) and (b).
 {¶ 22} At the time of the divorce trial, Appellee was one class short of completing an associate's degree in criminal justice and intended to continue attending classes at the University of Akron in pursuit of a bachelor's degree in social work. In the divorce decree, the trial court declined to attribute any earning capacity to Appellee, determining that it would be appropriate to allow her to complete her education.
 {¶ 23} At the hearing on the motions at issue in this appeal, Appellee testified that she was unable to return to school in the spring 2002 semester because she could not afford the tuition payments. Noting the causal connection between Appellee's inability to resume classes and Appellant's disobedience of his spousal support obligation, the trial court rejected Appellant's argument that his obligation should be reduced due to Appellee's failure to complete her education. We find no abuse of discretion in this decision.
B. Child Support
 {¶ 24} Before a trial court may modify an existing child support order, the court must find that a change of circumstances has occurred. R.C. 3119.79(A); Julian v. Julian, 9th Dist. No. 21616, 2004-Ohio-1430, at ¶ 5. In order to determine whether or not a change of circumstances has occurred, the court must recalculate the support due by completing a new child support worksheet. Id.
 {¶ 25} At the time of Appellant's motion to modify, his child support obligation was $1,588.02 per month for the three children. He requested the court to lower his payments based upon a change in income. The trial court determined that a recalculation as of December 2001, when Appellant filed his motion to modify child support, would actually raise Appellant's monthly child support obligation to $1,657. The trial court concluded that the change did not warrant a modification of support.
 {¶ 26} Appellant argues that the trial court used incorrect figures in recalculating his child support obligation. Specifically, Appellant argues that the trial court erred by including the $32,171 in "phantom income" in his gross income average, and by failing to impute income to Appellee. For the reasons provided in our analysis of the same arguments as they relate to spousal support, these arguments are without merit.
 {¶ 27} Appellant's fourth and fifth assignments of error are overruled.
 Assignment of Error No. 6
"The trial court erred and abused its discretion by failing to properly apportion day care and Health Care Insurance expenses or to offset the children's medical expenses borne solely by [Appellant]."
 {¶ 28} In his sixth assignment of error, Appellant argues that the trial court erred by failing to offset his arrearages with his medical expenditures for the parties' children. We disagree.
 {¶ 29} The divorce decree requires the parties to divide equally the children's out of pocket medical expenses. At the post-decree hearings, Appellant submitted Exhibit M, which contains a list of medical expenses incurred by the parties' children and "expended or committed to" by Appellant. Contrary to Appellant's arguments, the trial court did in fact account for those expenses. The court found that, since the divorce decree, Appellant had paid medical expenses for the parties' children in the amount of $598 and that there was an outstanding debt of $2,900 owed to an orthodontist. The court ordered that Appellee's share of the $598 be used to offset Appellant's arrearages. It also noted that Appellee should pay directly to Appellant her share of the orthodontist's bill. In light of these facts, Appellant's sixth assignment of error is without merit.
 Assignment of Error No. 2
"The trial court erred and abused its discretion by finding [appellant] in contempt of court for his failure to pay support, and by sentencing him to fifteen (15) days in the summit county jail, and to pay the sum of $1,450.00 for [appellee's] attorney fees."
 {¶ 30} In his second assignment of error, Appellant maintains that the trial court abused its discretion by finding him in contempt of court, and by ordering him to reimburse Appellee for the costs she incurred in connection with the contempt proceeding. We disagree.
 {¶ 31} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, paragraph one of the syllabus. "[A] person charged with contempt for the violation of a court order may defend by proving that it was not in his power to obey the order." Courtney v. Courtney (1984),16 Ohio App.3d 329, 334.
 {¶ 32} Appellant does not dispute that he did not comply with the support orders issued by the court. Instead, he contends that he was incapable of doing so. The trial court disagreed, finding that Appellant "had the ability to pay the support as ordered," but that he "intentionally and willfully chose not to pay the full amount ordered."
 {¶ 33} We cannot conclude that the trial court abused its discretion by finding Appellant in contempt of court. Since the beginning of 2001, there has not been a single month in which Appellant paid the full amount due under the court's orders. He filed a motion to modify those orders only after Appellee filed her motion to hold him in contempt. Appellant did offer evidence that his income had declined after the orders were issued. As the trial court found, however, this evidence did not establish that Appellant was incapable of complying with the trial court's orders.
 {¶ 34} Given its finding that Appellant was in contempt, the trial court had the discretion to order him to reimburse Appellee for the costs she incurred in connection with the contempt proceeding. PlannedParenthood Ass'n of Cincinnati, Inc. v. Project Jericho (1990),52 Ohio St.3d 56, 67. Appellant has not demonstrated any abuse of that discretion.
 {¶ 35} Appellant's second assignment of error is overruled.
 Assignment of Error No. 3
"The decision of the magistrate is contrary to law in that it does not give [appellant] a meaningful opportunity to purge, given the evidence of his inability to pay the support as ordered."
 {¶ 36} In his third assignment of error, Appellant maintains that the magistrate's decision denied him a meaningful opportunity to purge himself of his contempt. The magistrate's decision afforded Appellant the opportunity to purge his contempt by paying the sum of $47,950.86 and depositing $5,000 in escrow for psychological evaluations. In his objections to the magistrate's decision, Appellant argued that it would be impossible for him to satisfy the purge requirements. In its decision overruling the objections, the trial court gave Appellant leave to argue this position at a purge hearing. As this hearing has not yet occurred, Appellant's third assignment of error is premature, and we decline to address it.
 III. {¶ 37} Appellant's six assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Batchelder, J. concur.
[1] This hearing has not yet occurred.
[2] R.C. 3113.219 was amended and renumbered as R.C. 3123.17, effective March 22, 2001. Because R.C. 3123.17 was not expressly made retroactive, it is presumed to be prospective in application. See R.C. 1.48. Therefore, we apply the version of the statute which was in effect on the date that Appellant's support obligations were created.