DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant/Cross-Appellee, Robert Jeffery, and Appellee/Cross-Appellant, Ellen Jeffery, appeal from the decision of the Wayne County Domestic Relations Court. This Court reverses.
 I. {¶ 2} Appellant/Cross-Appellee, Robert Jeffery ("Husband"), and Appellee/Cross-Appellant, Ellen Jeffery ("Wife"), were married on June 12, 1965. Thereafter, the parties had three children. All three children have been emancipated. On August 27, 2004, Wife filed a complaint to terminate the marriage. Upon filing her divorce complaint, Wife had moved in with her friend, *Page 2 
Harry Morgan. On September 29, 2004, the trial court issued temporary orders in which Wife was granted temporary spousal support in the amount of $400 per month based upon the parties' income and living situations.
 {¶ 3} On April 5, 2005, the trial court held a hearing to determine, among other issues, continuing spousal support. The trial court heard testimony from the parties regarding their respective monthly budgets. On April 19, 2005, the trial court ordered Husband to pay Wife $800 per month in spousal support.
 {¶ 4} The trial court retained jurisdiction to revisit the spousal support issue in case of a "future change of circumstance which would possibly include defendant's retirement from Hawkins Market, plaintiffs cohabitation which would result in a financial benefit to her, or plaintiff obtaining hospitalization at a cheaper rate."
 {¶ 5} On July 5, 2005, Husband filed a motion with the trial court, requesting relief from the prior judgment of spousal support. Husband's application was based on Wife's purchase of a residence with Mr. Morgan. The trial court denied Husband's motion. In November of 2005, Husband filed a motion to modify his support obligation, contending that there was a change in circumstances by both parties since the trial court issued its spousal support order. The trial court held a hearing on Husband's motion in January of 2006. Based on the evidence and testimony presented, the trial court issued an order on February 16, 2006 modifying the support obligation from $800/month to $600/month. Both *Page 3 
parties filed objections to the magistrate's report and recommendation. The trial court overruled the parties' objections on June 19, 2006. Both parties timely appealed from the trial court's decision. Husband has raised two assignments of error for our review, while Wife has raised one. We have rearranged Husband's assignments of error to facilitate our review.
 II. APPELLANT'S ASSIGNMENT OF ERROR II "THE TRIAL COURT'S DECISION TO DENY [HUSBAND'S] REQUEST FOR THE TERMINATION OBLIGATION [SIC] OR THE SIGNIFICANT MODIFICATION OF HIS SPOUSAL SUPPORT OBLIGATION PAYABLE TO [WIFE] CONSTITUTED AN ABUSE OF ITS DISCRETIONARY POWERS."
 {¶ 6} In Husband's second assignment of error, he contends that the trial court abused its discretion when it failed to terminate his spousal support obligation, or in the alternative, significantly reduce his monthly obligation based upon Wife's continued cohabitation with an unrelated male.
 {¶ 7} This Court reviews a trial court's decision modifying spousal support under an abuse of discretion standard. Barrows v. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶ 4. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a spousal support award will not be disturbed on appeal.Barrows, supra, at ¶ 4. Finally, "when applying [the *Page 4 
abuse of discretion] standard, an appellate court is not free to substitute its judgment for that of the trial judge." Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 8} In order to modify an existing spousal support award, a trial court must conduct the two-part analysis provided by R.C. 3105.18.Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215. The first step is jurisdictional. R.C. 3105.18(E). In that step, the trial court must make two determinations: (a) whether the divorce decree specifically authorizes the court to modify spousal support, and (b) whether the circumstances of either party have changed. R.C. 3105.18(E);Leighner, 33 Ohio App.3d at 215. R.C. 3105.18(E) does not require a "substantial" or "drastic" change of circumstances, but only a change that "[has] an effect on the economic status of either party."Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844, at ¶ 21.
 {¶ 9} If the trial court concludes that it does have jurisdiction to modify the spousal support award, it must then determine "whether or not the existing order should be modified." (Emphasis omitted.)Leighner, 33 Ohio App.3d at 215. This inquiry requires the court to reevaluate the existing order in light of the changed circumstances. Id. The court looks to the factors provided by R.C. 3105.18(C) in order to conduct this reevaluation. Id. "[A] change in circumstances includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." *Page 5 Malizia v. Malizia, 9th Dist. No. 22565, 2005-Ohio-5186, at ¶ 11, citing R.C. 3105.18(F).
 {¶ 10} In the instant case, the trial court determined that it had jurisdiction to modify the spousal support award as it had expressly retained jurisdiction to revisit the spousal support issue in case of a "future change of circumstance" including "plaintiffs cohabitation which would result in a financial benefit to her, or plaintiff obtaining hospitalization at a cheaper rate." In the magistrate's February 16, 2006 order, he concluded that a modification was warranted as the evidence demonstrated that there had been a change in circumstances that would warrant a modification. The magistrate explained that
 "At the final hearing [Wife] submitted a budget showing expenses of $1,664 per month. That budget was a projection of what it would take for her to reside on her own and meet her basic needs. The budget included a projected rental expense of $450.
 "At the time of the final hearing, she was residing with another individual but she did not pay rent. She was doing cooking and cleaning for her share of the rent and she was purchasing her own food.
 "* * *
 "At today's hearing she testified her current expenses are $1,657 per month. Although she does not have a rent expense of $450, she is contributing $200 to a mortgage payment. She and her live-in companion have purchased a home together. She testified that they split the utilities and the mortgage payment down the middle. Food expense is also divided equally. She is responsible for individual expenses including insurance and personal items.
 "* * * *Page 6 
 "Even if [Husband's] hours [at Hawkin's Market] have been cut at this point, they do not appear to be cut significantly. Even if his hours have been cut by 5, that is still only a reduction of approximately $40 per week from his part-time employment."
 {¶ 11} The magistrate felt that a reduction in spousal support from $800/month to $600/month was warranted because Wife was residing with Mr. Morgan who was contributing one half of the household expenses including the mortgage payment.
 {¶ 12} Husband argues that the trial court erred by incorrectly calculating Wife's living expenses. He points out that the trial court's initial calculation of support was based on Wife's projected living expenses (what it would cost for her to reside on her own and meet her basic needs). However, she has not resided on her own. Husband asserts that had Wife remained in Mr. Morgan's home, which was mortgage and lien free, her only expense would be health care insurance. He argues that when considering termination or modification of support, the trial court was prohibited from considering Wife's subsequent expenses, which she incurred with the purchase of her new home. Husband proposes that, by eliminating her newly incurred expenses and placing her back in the position she would remain in but for the purchase of the new home, she would only have monthly health care costs totaling $294.80. He argues that if Wife continues to receive support, she will be receiving both financial support from her ex-spouse and from her current live-in partner, in direct violation of Ohio case law and public policy.
1. Cohabitation *Page 7 
 {¶ 13} At the outset, we note that the divorce decree does not list cohabitation as a basis for termination of spousal support. The April 19, 2005 divorce decree provides that "spousal support shall terminate upon the death of either party or remarriage of plaintiff" Therefore, cohabitation may be properly used as a ground for modification of Husband's spousal support obligation only if Wife's economic situation has changed as a result of cohabitation. Barrows, supra, at ¶ 9. As we explain below, the record reflects that Wife's economic situation improved as a result of her cohabitation.
2. Calculation of income
 {¶ 14} On April 5, 2005, Wife testified that she was currently residing with Mr. Morgan who owned his own home, but that she was not paying him rent. She stated that she was providing food and performing household chores. Wife testified that she planned to move to Arizona to live with her children. She specifically testified that Mr. Morgan would not be moving with her to Arizona. Based on this testimony, the trial court calculated spousal support under the premise that Wife would be living alone.
 {¶ 15} On January 31, 2006, at the hearing on Husband's motion to modify support, Wife testified that she was still residing with Mr. Morgan. She explained that she and Mr. Morgan had lived together from September of 2004, when she moved out of the marital residence. In July of 2005, she and Mr. Morgan moved into a house in Wooster which they purchased together. She explained that they *Page 8 
have joint survivorship ownership rights in the house. She testified that she shares expenses with Mr. Morgan. Specifically, she pays $200 toward the monthly mortgage. She further testified that the two travel together. Wife agreed that her monthly budget was slightly less than she estimated in April of 2005.
 {¶ 16} At the January 31, 2006 hearing, Husband testified that his hours at Hawkins Market had decreased since the April 2005 hearing. At the time of the divorce, Husband worked approximately 30 hours/week. As of the January 31, 2006 hearing, Husband's weekly work hours decreased to approximately 25 hours/week. Husband testified that this hourly decrease amounted to approximately a $120/month decrease in his monthly income. He also stated that his monthly expenses increased since the last hearing. More specifically, he stated that his gas bill increased from $93 to $187/month. He also testified that his real estate taxes, monthly electric, car insurance, fuel, and prescription costs have increased.
 {¶ 17} In essence, Husband asked for a modification for two reasons: (1) his expenses increased while his earnings decreased and (2) Wife was sharing expenses with Mr. Morgan.
 {¶ 18} Wife testified at the April 5, 2005 hearing that she was only residing with Mr. Morgan out of financial necessity and would be moving to Arizona to live with her children. She further testified that she had no plans to continue living with Mr. Morgan. By July of 2005, Wife and Mr. Morgan had closed on a new *Page 9 
home together. Husband suggests in his appellate brief that Wife was less than forthright about her budget and her residential plans. At the January 31, 2006 hearing, Wife testified that she had incurred new debt and expenses as a result of the purchase of a new home.
 {¶ 19} The trial court's initial support order of $800 was based on Wife's projected living expenses as a single woman renting an apartment on her own. Pursuant to the budget she submitted, she would be unable to cover her financial obligations with the $800/month support award. Despite the fact that she would have incurred a deficiency based on herprojected living expenses and living arrangement, she decided to purchase a new home with Mr. Morgan. It logically follows that if she was unable to meet her financial obligations before the purchase of a new home, she certainly had to find additional financial support to meet her new expenses. Consequently, we find that Wife is receiving a financial benefit from her cohabitation. To the extent Wife has increased her expenses by purchasing a new home, we find it inequitable to require Husband to cover this additional expense. Moreover, to the extent Wife is sharing expenses with Mr. Morgan, it is inequitable for her to use her spousal support to help Mr. Morgan cover his expenses, as he is an unrelated member of the opposite sex. Perri v. Perri (1992),79 Ohio App.3d 845, 850-852; Taylor v. Taylor (1983), 11 Ohio App.3d 279,280-281. *Page 10 
 {¶ 20} Wife urges that this matter is controlled by Poitinger v.Poitinger, 9th Dist. No. 22240, 2005-Ohio-2680, in which we held that the trial court did not abuse its discretion in declining to modify the husband's spousal support obligation based on the wife's cohabitation. In reaching this decision, we relied on the lack of evidence that the wife's cohabitant was supporting her or that she was using the spousal support received from her husband to support her cohabitant. We find the within matter distinguishable. Here, the trial court based its initial spousal support calculation on the premise that Wife would be living alone. It is undisputed that Wife never lived alone and is now sharing most of her costs-including the additional expense of a new house — with Mr. Morgan. Mr. Morgan and Wife had lived together in a home owned by Mr. Morgan until two months after the initial support order. The Poitinger decision does not control the facts of this case.
 {¶ 21} In light of the financial benefit Wife is receiving from her continued cohabitation with Mr. Morgan, we find that Husband's spousal support obligation should be further reduced. Husband was initially ordered to pay $800 per month in support. Since the parties initially separated in August of 2004, Wife has shared expenses with Mr. Morgan. We find that Wife is entitled to half the amount initially awarded to her as that amount was based upon Wife's testimony that she would be living on her own. Accordingly, Wife is entitled to $400/month in spousal support. *Page 11 
 APPELLANT'S ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO ORDER THE TERMINATION OF THE SPOUSAL SUPPORT OBLIGATION PAYABLE BY [HUSBAND] TO [WIFE], OR IN THE ALTERNATIVE, SIGNIFICANTLY REDUCE [HUSBAND'S] MONTHLY OBLIGATION BASED UPON [WIFE'S] CONTINUED COHABITATION WITH AN UNRELATED MALE."
 {¶ 22} In Husband's first assignment of error, he contends that the trial court erred as a matter of law when it failed to terminate his spousal support obligation or in the alternative, significantly reduce his monthly obligation based on Wife's cohabitation. Husband has stated the wrong standard of review for our review of modification of spousal support. See Barrows, supra, at ¶ 4 (this Court reviews a trial court's decision modifying spousal support under an abuse of discretion standard). However, in light of our disposition of Husband's second assignment of error, we need not address his first assignment of error as it is rendered moot. CROSS-APPELLANT'S ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING A REDUCTION OF SPOUSAL SUPPORT WHEN [HUSBAND] FAILED TO ESTABLISH, BY A PREPONDERANCE OF THE EVIDENCE, THAT [WIFE] DERIVED AN ECONOMIC BENEFIT FROM COHABITATION, WHICH WOULD RENDER THE CURRENT AWARD NO LONGER APPROPRIATE AND REASONABLE."
 {¶ 23} In light of our disposition of Husband's assignments of error, we need not address Wife's assignment of error as it is rendered moot. *Page 12 
 III. {¶ 24} Husband's second assignment of error is sustained. Husband's first assignment of error is moot. Wife's assignment of error is rendered moot. The judgment of the Wayne County Domestic Relations Court is reversed and the caused remanded with instructions for the trial court to award Wife spousal support in the amount of $400/month.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellee/Cross-Appellant. *Page 13 
CARLA MOORE FOR THE COURT SLABY, P.J. CONCURS IN JUDGMENT ONLY