DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, James T. Harvis, appeals from a judgment entered by the Lucas County Court of Common Pleas, Domestic Relations Division, denying his motion to modify spousal support. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} Appellant and appellee, Icephine L. Rollins, were divorced December 24, 2003. Appellant was ordered to pay spousal support in the amount of $2,000 per month, plus a two percent processing charge, beginning on November 1, 2003. The order of spousal support was based upon a finding by the trial court that appellant, who was self-employed, earned $102,258. This figure was an average based upon the prior three years ending in 2002.
 {¶ 3} Appellant never complied with the order to pay spousal support. Instead of paying $2,000 per month, plus the two percent processing charge, he repeatedly paid only $1,200 per month, all the while maintaining that he could not afford any more than that amount.
 {¶ 4} On April 14, 2004, appellee filed a motion to show cause for incarceration and for attorney fees and court costs. On September 20, 2004, appellant filed a motion to modify spousal support.
 {¶ 5} Hearings on the motions were heard on December 13, 2005 and February 10, 2006. During those hearings, evidence of the following was adduced. At the time of the divorce, appellant operated a trucking company, known as Premium Express, as a sole proprietorship. After the divorce, he began operating the company as a corporation and, further, became an employee of the corporation. Although appellant now draws a wage from the Premium Express — in an amount he himself determines — he continues to pay personal living expenses (including spousal support) through the corporation and, in fact, does not maintain a personal checking account separate from the corporation. *Page 3 
 {¶ 6} According to appellant's records, in 2003, Premium Express had gross revenues of $905,394. Appellant did not provide any evidence of the company's gross revenues for the years 2004 and 2005. Instead, he produced only his own personal returns. Appellant's returns showed a gross personal income of $67,509 for 2003; $40,800 for 2004; and $43,350 for 2005.
 {¶ 7} The testimony and evidence produced at the hearings demonstrated that the income and expenses of appellee were basically the same as they were at the time of the divorce. That is, she continues to receive social security total disability benefits in the net amount of $499 per month. This, along with her $1,200 per month in spousal support is the only income she receives.
 {¶ 8} On May 11, 2006, the magistrate entered his decision denying appellant's motion to modify. In the decision, the magistrate noted that for the year 2002, which was considered by the trial court in the divorce action, appellant only admitted to a personal income of $34,942. This, despite abundant evidence in the in the record demonstrating that during 2002, Premium Express had revenues of $942,594, and, as indicated above, appellant actually had a personal income of $102,258.
 {¶ 9} The magistrate determined that in 2003, when Premium Express had revenues of $905,394, appellant had an actual personal income of $192,492. The personal income figure was derived by adding together the following figures: $45,500, which was shown on appellant's W-2; $23,682, which was the amount of profit realized by Premium Express in 2003; $2,043 in reimbursement for business use of appellant's *Page 4 
home; $106,867 in depreciation; and $14,400 in spousal support that was paid by Premium Express on appellant's behalf.
 {¶ 10} Although appellant produced only personal tax returns for the years 2004 and 2005, without producing tax returns for Premium Express, the magistrate took note that the 2004 return, which showed a salary to appellant of $40,800, and the 2005 return, which showed a salary a salary to appellant of $43,350, were consistent with the prior years during which Premium Express had gross revenues in excess of $900,000. The magistrate additionally noted that the complete returns for Premium Express for 2004 and 2005 were within appellant's control, yet he failed to supply them in response to appellee's request by subpoena.
 {¶ 11} Appellant timely filed objections to the magistrate's decision. On September 8, 2006, the trial judge issued a judgment entry overruling appellant's objections and adopting the magistrate's decision. Appellant timely appealed, raising the following assignment of error:
 {¶ 12} I. "WHETHER THE TRIAL COURT ERRED IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW AND DETERMINATION FINDING DEFENDANT/APPELLANT'S MOTION TO MODIFY SPOUSAL SUPPORT NOT WELL TAKEN AND IN DENYING AND DISMISSING SAME AS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 13} Appellate review of a trial court's decision regarding modification of spousal support is under an abuse of discretion standard. Jeffery v. Jeffery, 9th Dist. No. *Page 5 
06CA0046, 2007-Ohio-4482, ¶ 7. The term "abuse of discretion" connotes more than an error of judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} Pursuant to R.C. 3105.18(E), a court considering a request for modification of spousal support must first conduct a two-part analysis to determine whether it has jurisdiction over the matter. Coker v.Ulch, 166 Ohio App.3d 778, 2006-Ohio-2349, ¶ 19; Jeffery, supra, at ¶ 8. Under the first part of the analysis, the court must determine whether the divorce decree specifically authorizes the court to modify the terms of the spousal support. See id. Under the second part of the analysis, the court must determine whether the circumstances of either party have changed. See id. "R.C. 3105.18(E) does not require a `substantial' or `drastic' change of circumstances, but only a change that `[has] an effect on the economic status of either party."Jeffery, supra, quoting Kingsolver v. Kingsolver, 9th Dist. No. 21773,2004-Ohio-3844, at ¶ 21. For purposes of the statute, "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses". R.C. 3105.18(F).
 {¶ 15} If, after conducting this two-part test, the trial court finds that it has jurisdiction to modify the spousal support award, it must next determine whether the existing order should, in fact, be modified. Id., at ¶ 9. This determination requires the court to reevaluate the existing order in light of the changed circumstances, looking, in particular, to the factors set forth at R.C. 3105.18(C). Id. The burden of showing that a *Page 6 
reduction is appropriate is on the party seeking the reduction.Riley v. Riley, 9th Dist. No. 22777, 2006-Ohio-656, at ¶ 11.
 {¶ 16} Here, it is undisputed that the divorce decree provides for modification of the amount of spousal support. Thus, the question becomes whether the circumstances of either party had changed in such a way as to establish a basis for modification of spousal support. A reading of the trial court's findings of fact and conclusions of law clearly indicate a determination by the trial court that they had not. Because the record amply demonstrates that there was no actual change having an effect on the economic status of either party, we agree with the trial court that a basis for modification was not been established in this case. We further find that the trial court, in making its determination, did not abuse its discretion.
 {¶ 17} As jurisdiction was never established pursuant to R.C.3105.18(E), we do not reach the question of whether a change in the spousal support order would be appropriate under the factors set forth at R.C. 3105.18(C).
 {¶ 18} For all of the foregoing reasons, appellant's assignment of error is found not well-taken and the judgment of the Lucas County Common Pleas Court, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1