[Cite as *Stickney v. Stickney*, 2016-Ohio-3379.]

STATE OF OHIO       )            IN THE COURT OF APPEALS

                     )ss:         NINTH JUDICIAL DISTRICT

COUNTY OF MEDINA     )

MARY G. STICKNEY                  C.A. No.       14CA0099-M

     Appellee/Cross-Appellant

     v.                                    APPEAL FROM JUDGMENT

                                          ENTERED IN THE

DONALD P. STICKNEY            COURT OF COMMON PLEAS

                                          COUNTY OF MEDINA, OHIO

     Appellant/Cross-Appellee        CASE No.      11DR119

DECISION AND JOURNAL ENTRY

Dated: June 13, 2016

---

HENSAL, Presiding Judge.

{¶1} Appellant/Cross-Appellee, Donald P. Stickney, appeals from a judgment of the Medina County Court of Common Pleas, Domestic Relations Division. Appellee/Cross-Appellant, Mary Stickney, filed a cross-appeal to the judgment. For the following reasons, we affirm in part, and reverse in part.

I.

{¶2} In 2011, after over 21 years of marriage, Mary Stickney ("Wife") filed for divorce from Donald P. Stickney ("Husband"). The couple had one child together, a son, who reached the age of emancipation during the pendency of the divorce proceedings. Husband is an orthopedic surgeon, and Wife has a degree in design. Wife, however, stayed home while raising their son.

{¶3} Trial occurred on September 17, 2012. According to Husband, the only disputed issue at that time related to spousal support. During the course of trial, Wife testified that the

marital home was currently listed for sale for $950,000.00. Despite the fact that Husband and Wife agreed to the private listing, the trial court ordered the marital home to be sold at an absolute auction.

{¶4} The absolute auction occurred on December 8, 2012, and the marital home tentatively sold for $180,509.08 less than what Husband and Wife owed on the mortgage. On March 22, 2013, in light of the $180,509.08 deficiency, Husband filed a document captioned "Supplement to Closing Argument in Support of Proposed Findings of Fact and Conclusions of Law," wherein he proposed that he move back into the marital home, assume the mortgage, and indemnify Wife for any payments due under the mortgage. Four days later, on March 26, 2013, the trial court ordered the closing on the marital home to take place on April 19, 2013. The trial court's order specifically directed Husband to bring sufficient funds to the closing to satisfy the deficiency, or face contempt. The trial court's order further cautioned that either party's failure to "cooperate to effectuate this closing" could result in a finding of contempt.

{¶5} Husband attempted to appeal the trial court's order to this Court, but we dismissed for lack of a final, appealable order. In doing so, we noted that the trial court characterized its order as "temporary" and that pre-decree orders are generally not considered final judgments. Thus, we held that Husband would not be precluded from obtaining effective relief from either the final divorce decree or other later order.

{¶6} Closing occurred in the spring of 2013. According to Wife, she knew Husband had no intention of attending closing or supplying the necessary funds. Concerned that she would be held in contempt of court and/or sued by the tentative buyers, Wife – without Husband's knowledge – obtained a loan from her parents to satisfy the deficiency at closing.

{¶7}    After closing, Wife moved for an increase in spousal support, which the trial court granted.  Wife also requested that the trial court order the parties' 2012 taxes to be recalculated and prepared jointly because Husband filed his taxes separately without Wife's knowledge.  The trial court set the matter for a "final trial" in October 2013, and referred the parties to mediation.

{¶8}    Following the "final trial," the trial court issued its findings and decree of divorce on September 30, 2014.  The decree ordered, in part, that Husband pay a portion of Wife's attorney's fees, that Husband pay Wife $12,000.00 per month in spousal support until September 1, 2021, that Husband and Wife pay equal shares on the $180,000.00 loan Wife obtained from her parents, which it deemed a marital debt, and that Husband secure a $2,000,000.00 life insurance policy naming Wife as an irrevocable beneficiary until Husband's spousal-support obligations terminate.  The trial court did not, however, order the parties to file amended 2012 income tax returns to reflect a joint filing, which Wife requested.

{¶9}    Husband appeals the trial court's decree of divorce, and asserts three assignments of error for our review.  Wife has cross-appealed, also assigning three assignments of error for our review.

II.

HUSBAND'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY CREATING A TITANIC MARITAL DEBT WHEN THE ENTIRETY OF THE DEBT COULD HAVE BEEN COMPLETELY AVOIDED.

{¶10}  In his first assignment of error, Husband argues that the trial court abused its discretion by ordering an absolute auction of the marital home.  Husband also argues that, because the sale was subject to the trial court's approval, the trial court erred by ordering the subsequent closing, which resulted in a $180,509.08 deficiency.  Further, Husband argues that

the trial court abused its discretion by determining that Wife's $180,000.00 loan from her parents was a marital debt.

{¶11} Conversely, Wife argues that Husband's argument is moot because the marital home was sold and this Court cannot "undo" the loan Wife obtained from her parents to satisfy the deficiency at closing. Wife also argues that Husband failed to timely object to the auction, and only took action when the auction resulted in a shortfall. Even then, she argues, Husband did not file an objection to the sale or otherwise move the trial court to withhold its approval of the sale. Thus, Wife argues that Husband has not preserved this issue for appeal.

{¶12} In response, Husband argues that he preserved this issue for appeal because he: (1) filed a supplement to his closing argument wherein he offered to move back into the then-vacant marital home, to assume the mortgage, and to indemnify Wife for any amounts due under the mortgage; and (2) pursued an appeal before this Court, which we ultimately dismissed for lack of a final, appealable order.

{¶13} As previously noted, the absolute auction occurred on December 8, 2012. Husband and Wife signed the "Auction Purchase Contract" on December 7 and December 8, 2012, respectively, which indicated a "Total Auction Purchase Price" of $613,600.00, and was subject to the trial court's approval. It was not until March 22, 2013, that Husband suggested that he move back into the marital home, assume the mortgage, and indemnify Wife for any amounts due under the mortgage. Husband's proposal, which came several months after the auction, did not constitute a proper objection. Notably, Husband did not move the trial court to withhold its approval of the sale. Likewise, nothing in the record indicates that Husband moved the trial court to void the sale, or otherwise object after the trial court approved the sale. Because the marital home was ultimately sold, "[t]here is no remedy this Court could grant that would

affect the matter at issue before us[.]" *Boncek v. Stewart*, 9th Dist. Summit No. 21054, 2002-Ohio-5778, ¶ 13. We, therefore, find that Husband's argument in this regard is moot. *Id.*

{¶14} As it relates to the trial court's classification of Wife's $180,000.00 loan as a marital debt, Husband argues that the trial court abused its discretion because the loan was: (1) made after the parties separated and after Wife filed for divorce; (2) made after the September 17, 2012, trial; (3) incurred without his knowledge or consent; and (4) merely an advance from Wife's parents. Husband also argues that Wife engaged in financial misconduct, and deceived her parents into supplying the loan.

{¶15} In its judgment entry dated September 25, 2012, the trial court ordered the absolute auction of the marital home and specifically indicated that it would equitably allocate any deficiency from the sale. After the absolute auction resulted in a deficiency, the trial court ordered Husband, not Wife, to bring the necessary funds to closing to satisfy the deficiency. Husband, however, disregarded the trial court's order and did not furnish the necessary funds.

{¶16} As previously noted, Wife obtained a loan from her parents to satisfy the deficiency at closing. Regardless of the trial court's subsequent determination that Wife's loan constituted a marital debt, the deficiency itself was a marital debt over which the trial court had discretion to allocate equally between the parties. *See Davis v. Davis*, 2d Dist. Clark No. 2011-CA-71, 2012-Ohio-418, ¶ 32 (holding that the trial court did not abuse its discretion by dividing the mortgage deficiency equally between husband and wife); *Ballas v. Ballas*, 7th Dist. Mahoning No. 04 MA 60, 2004-Ohio-5128, ¶ 41 (acknowledging that a mortgage deficiency is a marital debt). Thus, by dividing the loan equally between the parties, the trial court effectively divided the mortgage deficiency.

{¶17} Husband has not demonstrated that the equal division of the mortgage deficiency was in any way inequitable. *See* R.C. 3105.171(C)(1) (stating that a court must make an equal division of marital property unless an equal division would be inequitable.). Thus, he has failed to demonstrate that the trial court abused its discretion in this regard. In light of the foregoing, Husband's first assignment of error is overruled.

HUSBAND'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS OATH AND FIDUCIARY DUTY BY LOSING TRIAL EXHIBITS THAT ARE CURRENTLY NOT PART OF THE TRIAL COURT RECORD, AND THIS COURT SHOULD REMAND THIS CASE AND ORDER THE TRIAL COURT TO LOCATE OR REPLACE THE LOST EXHIBITS.

{¶18} In his second assignment of error, Husband asks this Court to "remand this case back to the trial court with the mandate that the trial court locate the lost exhibits and/or for the purpose of reviewing, settling and/or approving an App.R. 9(C) statement." Husband asserts that the trial court misplaced two exhibits: (1) the Howard Hanna file for the marital home; and (2) the Chicago Title closing file. He argues that these exhibits will validate undisputed testimony concerning the listing of the marital home and the $180,509.08 deficiency.

{¶19} "[I]t is appellant's burden to provide the record on appeal and to use any legal means available, including a writ of mandamus, in order to complete the record for his appeal." *State v. Woods*, 9th Dist. Summit No. 23414, 2007-Ohio-1423, ¶ 7. Appellate Rule 9(E) governs corrections and modifications to the record and provides, in part:

If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted.

**{¶20}** "Although an appellate court can order correction or supplementation of the record if the parties agree to the proposed change, 'the court of appeals cannot resolve disputes about the trial court's record in the course of an appeal.'" *Espino v. Siladi*, 9th Dist. Summit No. 24441, 2009-Ohio-3005, ¶ 11, quoting *State v. Schiebel*, 55 Ohio St.3d 71, 82 (1990). Husband made no attempt to correct the record under Appellate Rule 9(E), nor did he pursue any other means, aside from assigning it as error, to compel the trial court to produce the missing exhibits. Accordingly, Husband's second assignment of error is overruled.

## HUSBAND'S ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION BY REQUIRING THE HUSBAND TO KEEP A $2,000,000.00 LIFE INSURANCE POLICY ON HUSBAND'S LIFE.

**{¶21}** In his third assignment of error, Husband argues that the trial court abused its discretion by ordering him to maintain a $2,000,000.00 life insurance policy, naming Wife as the irrevocable beneficiary. Wife argues that the insurance policy is necessary to ensure that the $180,000.00 loan will be repaid.

**{¶22}** In its order, the trial court ordered Husband to pay Wife spousal support in the amount of $12,000 per month until September 1, 2021. The trial court's order, however, indicated that Husband's spousal-support obligations would continue until the first of the following events: (1) the death of either party; (2) the remarriage of Wife; (3) September 1, 2021; or (4) further court order.

**{¶23}** As this Court has stated, "[i]t is within the trial court's discretion to secure a spouse's obligation to pay spousal support with his life insurance." *Stover v. Stover*, 9th Dist. Summit No. 15842, 1993 WL 107852, *2 (Apr. 14, 1993). But "when an award of spousal support is terminable upon the death of the obligor, as it is here, the trial court errs in ordering

the obligor to secure the obligation with an insurance policy on his life." *Moore v. Moore*, 120 Ohio App.3d 488, 492 (9th Dist.1997); *Karis v. Karis*, 9th Dist. Summit No. 2380, 2007-Ohio-759, ¶ 17. The trial court, therefore, erred in ordering Husband to maintain a $2,000,000.00 life insurance policy because his spousal-support obligations are terminable upon his death. Husband's third assignment of error is sustained.

WIFE'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS AWARD OF SPOUSAL SUPPORT, BY EQUALLY DIVIDING SIGNIFICANT MARITAL DEBT BUT NOT GIVING THE PARTIES EQUAL INCOME, EVEN AFTER IMPUTING INCOME TO WIFE

{¶24} In her first assignment of error, Wife argues that the trial court abused its discretion by "equally dividing all of the parties' assets and liabilities but [] giving Wife less income with which to satisfy her share of the debt to her parents." She, therefore, asks this Court to reverse and remand the trial court's order with instructions for the trial court to give Wife equal income.

{¶25} We review a trial court's award of spousal support for an abuse of discretion. *Jeffery v. Jeffery*, 9th Dist. Wayne No. 06CA0046, 2007-Ohio-4482, ¶ 7. An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶26} Revised Code Section 3105.18 sets forth the factors a trial court must consider in its determination of spousal support, including the duration of the marriage, the standard of living the parties established during the marriage, the relative extent of education of the parties, and the parties' relative earning capabilities, among others. As this Court has stated, "[e]quity requires that a party receive at least sufficient spousal support to bring him or her to a 'reasonable standard of living, comparable to the standard maintained during the marriage.'"

*Saluppo v. Saluppo*, 9th Dist. Summit No. 22680, 2006-Ohio-2694, ¶ 30, quoting *Berthelot v. Berthelot*, 9th Dist. Summit No. 21345, 2003-Ohio-4519, ¶ 47. Although a party is entitled to a standard of living comparable to the standard maintained during the marriage, a party is not entitled, as a matter of law, "to a continuous luxurious lifestyle * * *." *Simoni v. Simoni*, 102 Ohio App.3d 628, 637 (8th Dist.1995).

{¶27} The trial court's order indicates that it considered the statutory factors when making its spousal-support determination. Despite Wife's request, nothing in Section 3105.18 mandates that the trial court award Wife equal income. R.C. 3105.18; *Phillips v. Phillips*, 2d Dist. Darke No. 99 CA 1495, 2000 WL 282306, *4 (Mar. 17, 2000) (stating that the "'income equalization' approach is not mandated by R.C. 3105.18[.]"). Our review of the record reflects that Husband makes over $400,000.00 per year, and that Wife has a potential earning capacity of $30,000.00. Although wife stayed home to raise their now-adult son, she has expressed a desire to return to work full-time. Thus, combined with her spousal-support award, Wife's potential yearly income is $174,000.00. Based upon our review of the record, including testimony indicating that the parties only recently reached a higher standard of living, we cannot say that the trial court's award of $12,000 per month in spousal support was unreasonable, arbitrary, or unconscionable. Wife's first assignment of error is overruled.

WIFE'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN EQUALLY DIVIDING RESPONSIBILITY FOR THE LOAN FROM THE SCARCELLAS WHERE HUSBAND WAS ORDERED TO BRING $180,509.08 TO THE CLOSING AND HE FAILED TO DO SO.

{¶28} In her second assignment of error, Wife argues that the trial court erred by ordering the parties to pay equal shares of the $180,000.00 loan. She argues that, because the trial court ordered Husband to bring the funds to closing, he should be required to pay more than

one half of the loan. Wife, therefore, asks this Court to reverse and remand the trial court's decision with respect to the loan, and to instruct the trial court to "allocate the debt equitably." Although Husband disputes the trial court's characterization of the loan as a marital debt, he argues that if, in fact, it is a marital debt, the responsibility for payment should be divided equally.

{¶29} As previously discussed, the mortgage deficiency – which was satisfied by Wife's loan – was a marital debt. Thus, we review the trial court's division of that debt for an abuse of discretion. *Manning v. Manning*, 9th Dist. Wayne No. 2861, 1994 WL 466749, *1 (Aug. 31, 1994). Under Section 3105.171(C)(1), a "court must make an equal division of marital property unless an equal division would be inequitable." *Wilson v. Wilson*, 9th Dist. Wayne No. 95CA0089, 1996 WL 411631, *2 (July 24, 1996). Importantly, a "trial court has broad discretion in determining what property division is equitable." *Id.*

{¶30} Wife argues that Husband's superior earnings, his original desire to sell the home, and his failure to comply with the trial court's order should render him responsible for more than one half of the debt. Wife, however, has pointed us to no law in support of her position. *See* App.R. 16(A)(7). Based upon our review of the record, we cannot say that the trial court abused its broad discretion by dividing the $180,000.00 debt equally between the parties. Wife's second assignment of error is overruled.

WIFE'S ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FAILING TO EQUALLY DIVIDE THE NET
TAX EFFECT OF THE PARTIES' 2012 INCOME TAX FILING

{¶31} In her third assignment of error, Wife argues that the trial court abused its discretion by failing to order the parties to file an amended income tax return to reflect a joint filing. She argues that, because Husband filed his 2012 taxes using the status of "married, filing

separately," she was precluded from obtaining certain tax benefits. Had they filed jointly, she argues, she could have saved $2,612.00 with no impact to Husband. Notably, the parties' long-time accountant advised Husband that filing jointly was "absolutely" the most beneficial way for the parties to prepare their taxes, but Husband unilaterally decided to file separately.

{¶32} "Our review of a trial court's division of marital property is whether the trial court abused its discretion in dividing the property, under the totality of circumstances." *Najmi v. Najmi*, 9th Dist. Lorain No. 07CA009293, 2008-Ohio-4405, ¶ 23. Tax refunds are marital assets and tax liabilities are marital debts, and a trial court has the discretion to divide both equally. *Norris v. Norris*, 7th Dist. Mahoning No. 01 CA 173, 2002-Ohio-5211, ¶ 19. But "[t]he equitable division of the marital property does not require every item to be divided equally." *Mays v. Mays*, 4th Dist. Ross No. 01CA2585, 2001 WL 1627640, *9 (Dec. 13, 2001).

{¶33} Our review of the record indicates that the trial court did not render a decision regarding Wife's request to have the parties' 2012 taxes recalculated and prepared jointly prior to its final judgment. Thus, it remained pending and was dismissed or overruled per paragraph 14 of the divorce decree. Without any explanation as to how the trial court reached its decision, we cannot say that the trial court acted within its discretion by declining to order the parties to amend their 2012 taxes. *See Darke Cty. Veterinary Serv. v. Rucker*, 2d Dist. Darke No. 1727, 2008-Ohio-4009, ¶ 10 (appellate court could not determine whether the trial court abused its discretion because the trial court provided no reasoning for its decision). Because the trial court failed to provide any explanation or analysis with respect to this issue, we are precluded from conducting a meaningful review and, therefore, reverse its judgment and remand the matter so that the trial court can create an entry sufficient to permit appellate review on this issue. *MSRK,*

*L.L.C. v. Twinsburg*, 9th Dist. Summit No. 24949, 2012-Ohio-2608, ¶ 10. Wife's third assignment of error is sustained.

III.

**{¶34}** Husband's first and second assignments of error are overruled. Husband's third assignment of error is sustained. Wife's first and second assignments of error are overruled. Wife's third assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed in part, and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MICHAEL J. O'SHEA, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.